PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
__Houston__ DIVISION

United States Courts
Southern District of Texas
FILED

DEC 14 2020

David J. Bradley, Clerk of Court

__Andrew Preston Shannon, P00216563__
Plaintiff's Name and ID Number

__Fort Bend County Jail__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__Troy Nehls - 1410 Richmond Pkwy, Richmond, TX 77469__
Defendant's Name and Address

__Wellpath Inc. - 1283 Murfreesboro Rd., Nashville, TN 37217__
Defendant's Name and Address

__Durell Cardiff - 1410 Richmond Pkwy, Richmond, TX 77469__
Defendant's Name and Address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit:_____
      2. Parties to previous lawsuit:
         Plaintiff(s)_____
         Defendant(s)_____
      3. Court: (If federal, name the district; if state, name the county.)_____
      4. Cause number:_____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?)_____
      7. Approximate date of disposition:_____

2

II. PLACE OF PRESENT CONFINEMENT: Fort Bend County Jail-1410 Richmond Pkwy, Richmond TX 77469

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Andrew Preston Shannon - Fort Bend County Jail- 1410 Richmond Pkwy, Richmond, TX 77469

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Troy Nehls; position- Sheriff of Fort Bend County; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(See next page)

Defendant #2: Captain Daniel Avvam; position- Jail Administrator; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(See next page)

Defendant #3: Sergeant Solberg; position- Medical Sergeant; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(See next page)

Defendant #4: Sergeant Reiser; position- Grievance Supervisor; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(See next page)

Defendant #5: Wellpath Inc.; position- Contractor that provides medical services for Fort Bend County Jail; place of employment- Wellpath Inc. Corporate HQ.; (see next page)
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
(See next page)

3

Defendant #1-Troy Nehls; Violations-Troy Nehls contracted Wellpath Inc. to take over the jail's medical department and failed to object or intervene in any of Wellpath's unconstitutional policies even though he knew, or should have known, that Wellpath regularly breaks the law with their medical practices. The consequences of this have been extreme pain, degeneration, and interference with daily activities on my behalf that Troy Nehls continues to sanction.

Defendant #2-Captain Daniel Quam; Violations-Captain Quam stands between me and my surgery by refusing to heed my assertions of extreme, unnecessary, and wanton infliction of pain. He also refused to send me back to the surgeon who recommended my surgery, and he is rebelling against the Supreme Court's decision in Estelle v. Gamble.

Defendant #3-Sergeant Solberg; Violations-Sgt. Solberg has been twisting case law to fulfill Wellpath's and the Sheriff's budget interests. He is also ignoring the case law that obligates them to perform my surgery. This has resulted in an obstruction of justice and is contributing to my prolonged suffering.

Defendant #4-Sergeant Reiser; Violations-Sgt. Reiser chose to listen to the authority of medical staff rather than the authority of the Constitution and the federal court system. In doing this, he denied my request for medical assistance in order to relieve my suffering, degeneration, and interference with my daily activities.

Defendant #5-Wellpath Inc.; CEO-Jorge Dominicis; mailing address-1283 Murfreesboro Rd., Nashville, TN; Violations-Wellpath has implemented numerous policies in how they deliver health care in Fort Bend County Jail that are inconsistent with United States case law. They have designed their policies to overlook unnecessary and wanton infliction of pain. Specifically, this is exactly what occured in my case.

Defendant #6-Durell Cardiff; position-Health Services Administrator; place of employment-Fort Bend County Jail; mailing address-1410 Richmond Pkwy, Richmond, TX 77469; Violations-Cardiff refused to even consider my surgery before and after I got the MRI and met with the surgeon, even though the surgeon gave no medical reason for why he believed surgery wasn't necessary. She also refused to send me to the second surgeon that the first surgeon referred me to, despite my request. Thus, she played a key role in prolonging my immense pain, suffering, degeneration,

and interference with daily activities.

Defendant #7- Dr. Davis; position- Jail Doctor; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469; violations- Dr. Davis refused to recommend my surgeries because these kinds of surgeries are not usually performed while in jail. Despite my assertions of extreme pain and interference with daily activities and despite him acknowledging that every dislocation makes the shoulder condition worse and that I dislocate a shoulder once a month on average, he deemed my surgeries elective because they are not life-threatening emergencies. His deliberate indifference caused the pain and degeneration to progress.

Defendant #8- Dawn Simons; position- Nurse Practicioner; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469; Violation- Dawn Simons played a role in the decision process to deny my surgery, thus contributing to the sanction of my extreme pain, degeneration, and interference with daily activities.

Defendant #9- Nurse Rabius; position- nurse; place of employment- Fort Bend County Jail; mailing address- 1410 Richmond Pkwy, Richmond, TX 77469; violations- Nurse Rabius refused to schedule me to see the doctor and repeatedly told me that I will never get the surgeries while I am in jail. She unduly inhibited me from seeking relief, thus unnecessarily prolonging my pain, suffering, degeneration, and interference with my daily activities.

[Note- Upon my requests to Sgt. Reiser and Cpt. Quam for the full names of the defendants, a copy of the Wellpath contract, their policy on surgeries, all records relating to myself, etc., they told me that they won't give it to me right now unless I get it subpoenaed, despite my statements that this information will help me prepare my claim and prevent unnecessary delays in the court process. With that being said, I will amend this claim accordingly once I get the proper information. Please excuse this flaw]

## Final Step of Grievance Procedure

Jail Administrator Appeal - Grievance #474126 - 8/17 - 6:36pm - As you can see in the grievance numbered 470218, I have tried very hard to get adequate treatment for my chronic shoulder dislocations and my hernia. Nonetheless, my complaint has fallen on deaf ears. I am being denied adequate medical care for no valid reason, only for budget goals. The two erroneous excuses that have been given are that they deem my surgeries elective, and that these surgeries are not typically performed while in a county correctional facility. By definition, my needed surgeries are not elective. If I don't get these surgeries, I will continue to experience extreme pain from my shoulders and be at risk for serious bodily injury if my hernia ruptures. How can one call that elective? It is inhumane to allow me to suffer so greatly and then deny me access to surgery that would alleviate that pain by calling it elective. Wellpath can't just redefine words as they deem fit in order to make themselves look better. Just because county correctional facilities usually get away with not performing these surgeries doesn't mean that will happen this time. The courts have ruled that these surgeries are required to be performed by prison and jail officials because failure to do so could cause further significant injury and unnecessary and wanton infliction of pain. That is cruel and unusual punishment. If you deny my requests for these surgeries, the next step will be me filing a 1983 lawsuit against the jail, Wellpath, and Troy Nehls. If you would like me to show you these case laws that obligate you people to provide these surgeries then I will be glad to do so. If this is the route you people want to take, then please provide me with the full names and addresses of yourself, Troy Nehls, Nurse Rabius, Dr. Davis, Health Services Administrator D. Cardiff, everyone involved in making and overseeing the policies for approving or denying surgeries from the Sheriff's office and Wellpath, and everyone who played a part in denying my surgeries. For more details on my information requests, please see grievance number 474122. I pray that you will make the right choice. Thank you in advance for your attention to this matter.

2) Response (Captain Daniel Quam-Jail Administrator)-8/20/20-12:20pm - Mr. Shannon, I have consulted with Wellpath regarding your two complaints. I see your first complaint being treatment of a hernia. Based on the discussion with Wellpath, you do not have an incarcerated hernia, which is the basis of their current treatment methods. They will be working to get me proof of their claim. Your second complaint is your shoulder and needing reconstructive surgery. In my discussion with Wellpath, they do not have evidence of your shoulder continually becoming dislocated. Their statements include educating you to contact medical if your shoulder becomes dislocated, to which they have not been made aware. They will be working to get me proof of your current shoulder condition. Based on the proof you provided, your treatment plan will be re-evaluated. Regards, Daniel Quam, Jail Administrator.

3) Shannon - 9/25 - 1:42pm - Mr. Quam, although Durell has already given you her own arbitrary opinion, it is my duty on behalf of you and all of the present and future detainees of this jail to point out some aspects of the law that are relevant to this case. In Estelle v. Gamble 429 U.S. 97, 103-05 (1976), the Supreme Court decreed that, "The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common law view that it is but just that the public be required to care for the prisoner, who cannot, by reason of the deprivation of his liberty, care for himself. We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain... prescribed by the 8th Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under 1983." While speaking with Durell, Simons, and Solberg, I told them that regardless of this surgeon's opinion, I go through incredible pain and I will continue to experience this pain until I get my surgery. Not to men-

tion how this surgeon's opinion goes against professional medical standards. I reiterated how not giving me this surgery violates my constitutional rights. Solberg's response was that they give me Tylenol for the pain, but frankly Tylenol barely makes a dent in the excruciating pain of a shoulder dislocation which continues for weeks. He said that according to case law, they fulfilled their obligation by referring me to a specialist. He said that any other case law is something that I would have to create. That statement befuddled me because Estelle v. Gamble (1976) is in stark opposition to all of those assertions he made. I even told them that it seems like they're ignoring the fact that unnecessary and wanton infliction of pain was prohibited by the Supreme Court. I also told them that it's messed up how they are able to help me fix my shoulders, but they are choosing not to because of budget goals. Then I asked them, "So are you saying that with all of the pain I'm going through, you are just telling me to deal with it?" There was a couple moments of silence until Solberg told me, "It looks like this conversation is pretty much over, so unless you have any further questions for my medical staff, I'm gonna go ahead and take you back."

4) Silence was certainly an indication of shame-ridden agreement in this situation. There's not even a crevice to get around the stone-bound fact that I'm experiencing unnecessary and wanton infliction of pain. No one can argue that I'm not experiencing extreme pain because of my shoulder condition. The MRI proves this. Were they trying to say that my pain was, in fact, necessary? I don't understand. But then again, like a wise man once said, "Where malice reigns, neither reason nor honesty can take place." There is no loophole here for the defendants to hide in. They have disobeyed the highest case law in the land. Their arguement at this point is essentially that the Supreme Court erred in judgement, yet almost nobody would believe that here. Surely, money is not an issue in this county. Nonetheless, I have a proposal that I will give a brief description of here.

5) We ask the Sheriff to give us his word, in writing, that if we devise a feasible and beneficial [redacted] work program for the detainees in here that will allow us

the option to work at local businesses or at a facility constructed with a government grant where we can pay for our food, utilities, maintenance of the jail, part of the salaries here for the ~~____~~ staff, our own health care plans, as well as rehabilitative and educational programs, and expenses for our families and our ~~____~~ futures, that you and the sheriff will allow us to implement this plan. With the official approval of you two, we can form a focus group consisting of penological experts, Texas Jail Commission officials, local businesspeople, activists, elected officials, and other community leaders in order to form a more comprehensive plan for this proposed work program based on other successful facilities' work programs across the nation and across the world. Through God's grace, this program will be a huge benefit to everybody via saving tax dollars due to the smaller budget, detainees will have easier access to sufficient health care, thus satisfying the constitution in a more graceful manner, recidivism will decline due to the rehabilitation efforts. This will lead to a safer community and a stronger economy. I conducted a survey in my tank for this proposal. 47 of the 53 people in this tank agreed to participate in the survey. Of that 47, all but 3 of the participants agreed that the medical care here is ~~__~~ inadequate based on their experiences. Every last participant said that if they're still here by the time the program starts, they would participate in the work program. I can give you a copy of the survey for your records if you'd like. You and the Sheriff's cooperation with this proposal will curry favor with myself, the other detainees, and the general public. This will lead myself, and possibly others to not pursue money damages in court as forcefully. You will be receiving several other jail administrator appeals from other individuals concerning inadequate medical care that they've been experiencing as well. A big part of our lawsuit is to seek an injunction to order this work program to be instated across the entire court's jurisdiction. If the Sheriff's office can help institute the program before the injunction is decreed, you will be doing an excellent thing for the world.

6)
   I will wait patiently on your final decision regarding my surgeries so that

I know exactly how to structure my 1983 claim. Thank you for your diligence, Mr. Quam. You have been a big help thus far.

7) Quam - 9/30 - 9:28am - Mr. Shannon, I was able to review your case with medical yesterday. It appears they have done everything they said they would and received a statement the Dr. utilized would not perform the surgery on you as it was not medically necessary. You have access to medical for your pain and have the option to purchase over-the-counter medication as needed through commissary. We do have several vocational programs at this time which are available for those who qualify. Based on ensuring we received 3rd party review of your medical condition, which included orders to not perform surgery, this appeal is closed.

8) Jail Administrator Appeal - Grievance #482313 - 9/30 - 11:45am - [This is a] Jail Administrator Appeal for 474126. Please brief the Sheriff of the issues presented in this grievance so that he's aware of the situation.

Response (Sgt Reiser) - 482313 - 9/30 - 1:13pm - As I stated in your inmate handbook, the decision of the Jail Administrator is final.

9) Jail Administrator Appeal - 486779 - 10/24 - 6:05am - [This is a] Jail Administrator Appeal. I have more information for you that may not have been relayed to you, Mr. Quam. The surgeon that I saw told me that he was not qualified [to perform] the surgery that is needed in my case. Therefore, his opinion on my shoulders is unreliable. In his report, he included the name of a surgeon who is qualified to perform that surgery. Based on this information, please review your decision in 474126 and send me to the surgeon that the last surgeon referred me to. The initial surgeon was unable to give me a reason as to why he doesn't recommend the surgery other than that physical therapy will be inconvenient in jail. This next surgeon can give me a more medically sufficient answer since medical decisions cannot be based on non-medical factors. Thank you in advance for your attention to this matter.

10) Response (Sgt Reiser) - 486779 - 10/27 - 9:19am - Mr. Shannon, Captain Quam provi-

ded you with a final response already as required of him regarding this grievance. In lieu of your information provided, I spoke with medical and Captain Quam again for you. On September 25, 2020, Wellpath was contacted by Dr. Warnocks office, which is the doctor referred to you from Dr. Nguyen ▓▓▓▓. Dr. Warnocks office stated he reviewed your file, and it is his opinion that [your] case is not emergent or medically necessary at this point and would not perform surgery on [you].

11) Jail Administrator Appeal - Grievance #487316 - 10/27 - 10:16am - Jail Administrator Appeal. This is an appeal of the grievance process that includes 474126 and 486779. These doctors are clearly not following professional medical standards. They are biased because they are paid by this facility who explicitly has an interest to not have surgery performed so that they can reach their budget goals. Almost certainly, these doctors know that if they recommend the surgery then Wellpath won't be calling them back for any more business. Please send me to an unbiased third party, specifically the ▓▓ surgeon that Memorial [Hermann] referred me to in 2017. That surgeon told me the first time that the right shoulder dislocated that if it continues to dislocate then I will need surgery. I have much more trust for his opinion, especially because he was referred to me by Memorial Hermann and his office is in one of the best hospital complexes in the world, the Texas Medical Center. Any doctor who says that a surgery that will alleviate extreme pain, degeneration, and disability is not medically necessary is undoubtedly not following ▓▓▓▓ professional medical standards. Just the fact alone that this highly esteemed doctor from the Texas Medical Center recommended surgery on my shoulders is enough to cast doubt and suspicion on the doctors that Wellpath chose. Just because those two surgeons are educated and licensed ▓▓▓ doesn't mean that they're incorruptible. Please send me to the surgeon that has already seen me for my shoulder condition in 2017.

12) Response (Sergeant Reiser) - 10/30 - 3:04pm - Mr. Shannon, per Captain Quam: we are following the Dr.'s orders. If you have a problem or want a second opinion, you would have to handle that on your own. This grievance is closed.

12.1) Jail Administrator Appeal - Grievance #489137 - 11/5 - 5:18pm - This is a Jail

Administrator Appeal of the grievance process involving 486779, 482313, 474126, and 470218. Johnson v. Bowers, 884 F.2d 1053, 1056 (8th Cir. 1989) says, "The hospital's gratuitous classification of the prisoner's surgery as elective does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners." Therefore, it is this facility's responsibility to get me treatment in order to relieve my unnecessary and wanton infliction of pain. The orthopedist that I saw in 2017 that Memorial Hermann referred me to would be your best bet.

12.2) Response (Sergeant Reiser) - 11/10 - 8:31am - From Captain Quam: Mr. Shannon, The Dr. who you were referred to [by vs. Dr. Warnock] stated he would not perform the operation. We are following the Dr.[s] order and are compliant. This appeal is closed.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

13) Unknown Date- Sheriff Troy Nehls signed a contract with Wellpath Inc., sanctioning their unconstitutional policies of inadequate medical care.

14) From approximately April 2016-present, my shoulders dislocated quite frequently. Starting December 2018, the condition worsened to where they dislocated on average, 1 or 2 times every 2 months.

15) From May 2019- July 2020, I submitted several sick call requests for attention towards a rapidly enlarging and sometimes painful hernia.

16) July 11th and 16th 2020- I submitted requests about my extremely painful and frustrating shoulder condition.

17) July 18- Nurse Rubius met with me and told me that they got my hospital records for my shoulders, but they won't be helping me. She gave... (See next page)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

32) I am requesting that you order the FBCSO to adjust their policies so that all detainees receive constitutionally-adequate medical (see pg. 4.4)

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Andrew Shannon, Drew, Shannon

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

FBCJ-P00216563, FBI-740776JD7

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ___YES  ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date sanctions were imposed: _____

4

several excuses and lies for why they won't help me, refused to schedule me to see the doctor, and ignored me by storming off in the middle of my sentence.

18) July 21 - Nurse Rabius examined my hernia and said that they won't be doing anything about that either. She said that she only came to see if it actually grew 5 times larger than it was a year before, and gave several more excuses and lies for why they won't and supposedly can't let me see a specialist. She disregarded my concern for my health and also exemplified her contempt for what the constitution and the federal court system says about health care for incarcerated individuals.

19) July 24 - I filed a grievance on Wellpath's failure to provide me with medical care.

20) July 27 - I was assaulted and in the process of defending myself, both shoulders dislocated. The right shoulder dislocated severely.

21) July 31 at approx. 6:20pm - I met with Dr. Davis. He agreed that I should get shoulder surgery as soon as I'm in a position to do so, but that jails really don't do surgeries like this, even though prisons do. He also said that there is a risk for complications with my hernia that could cause an emergency crisis, but they will only address that if an emergency situation occurs. At 10:50pm, I appealed the grievance and requested a sling.

22) August 12 - The appeal and the sling was denied by Sgt. Reiser after consulting with Durell Cardiff.

23) August 17 - I filed a jail administrator appeal of the grievance to Captain Quam. On August 20th, Captain Quam responded to my appeal by saying that Wellpath told him that my hernia is not incarcerated and that there is no proof of my chronic shoulder dislocations. He said that Wellpath will be working on getting proof for these claims and that my treatment will be re-evaluated.

24) August 22 - An ultrasound was taken of my hernia. August 24th, I was taken to Oakbend to get an MRI on both shoulders. On approx. August 27th, Dawn Simons met with me and explained that since my hernia is not incarcerated, insurance wouldn't even cover it. She said that if they wanted to get it fixed, they would have to convince

any surgeon to perform that surgery. She also said that my shoulders looked pretty messed up in the MRI.

25) September 6 (Approx.) - I was taken to meet with an orthopedic surgeon named Dr. Nguyen at his office. He went to go look at the MRI. When he returned, he told me that if the problem persists then I'll need the surgery within 2 years. I told him that the problem has already been persisting for 4 years so why wait another 2? He said that he doesn't know because he doesn't actually perform that kind of shoulder surgery, but he can refer me to someone who does, Dr. Warnock. The only reason he gave me for not recommending surgery was that physical therapy would be inconvenient to have in jail.

26) September 15 - I met with Dawn Simons, Durell Cardiff, and Sgt. Solberg in the infirmary. They said that the surgery won't be necessary for 2 years. I asked them why. They said they don't know and that I should've asked the surgeon that. I told them that I did ask him, but he didn't know because he doesn't do that surgery, yet there's a doctor who does. I asked to see that doctor, but they said no because the surgery isn't necessary. I reiterated my excruciating pain and how the condition interferes with my daily activities. I told them, "I'm sure you're familiar with the case law which says that unnecessary and wanton infliction of pain renders cruel and unusual punishment. This pain is unnecessary because it can be fixed. For you to just say, 'deal with pain,' is wrong." Solberg said, "We fulfilled our obligation under that case law by referring you to a specialist. Any other case law would be your case law." They called my surgery elective and I told them, "There's a case law — and I can show it to you if you'd like — that says that facilities cannot arbitrarily deem a surgery elective in order to avoid it. It seems like you're ignoring the fact that I'm experiencing unnecessary and wanton infliction of pain which constitutes cruel and unusual punishment. Since I haven't even been convicted of a crime, you people are violating my Fourteenth Amendment right to Due Process. Whatever the doctor says is his opinion. He doesn't feel the pain that I'm experiencing. Ibuprofen doesn't do anything for the pain that comes from a shoulder dislocation. Are you people saying that

whatever pain I'm experiencing, I'm just gonna have to deal with it?" No one responded. Solberg interjected, "It looks like this conversation is pretty much over." I asked who all was involved in the decision process for my surgery so that I know who to list as defendants. No one responded for a few moments until Cardiff finally said, "You know our names." Solberg then reasserted his desire to take me back and the meeting was over.

27) September 22 - My "as-needed" Tylenol prescription had expired, so I asked for it to be renewed. On September 23rd (approx), a nurse notified me that Dawn Simons approved me for Neprocsin for pain, but I would have to pay for it. I declined it because I couldn't afford it and told her that I don't have a job because I'm in jail, so it should be free.

28) September 25 - I messaged Captain Qvam, citing Estelle v. Gamble, explaining how Solberg's, Simons', and Cardiff's opinion is in stark opposition to the Supreme Court's decision in Estelle v. Gamble, how the surgeon's opinion goes against ^professional medical standards, and even offered an alternative method for detainees to fund our own health care. Dr. Warnock also contacted Wellpath and said that he reviewed my file and that in his opinion, my case is not emergent or medically necessary at this point and he would not perform surgery on me.

29) September 29 at approx 11pm - My right shoulder dislocated from reaching too far behind me.

30) September 30 - At 9:29am, Captain Qvam denied and closed my appeal. At 10:39am, I put in a sick call to get back on pain meds again. At 3:44pm, Cardiff renewed my Tylenol for 30 days.

31) October 27 - I asked Captain Qvam if he could send me to the surgeon who recommended my surgery a few years back. On October 30th, he denied that request also.

care. I am also requesting that you allow us to put together a work/life skills program (and order its instatement) that allows us to pay for our own health care, and that those disabled, retired, or on strike from participating in the work program be offered Medicare, Medicaid, or a similar standardized health care program. My final request is that the defendants be ordered to pay me no less than $100,000 in compensatory damages and $500,000 in punitive damages.

4. Have the sanctions been lifted or otherwise satisfied?   ____YES ____NO

5. Has any court ever warned or notified you that sanctions could be imposed?   ____YES __✓__NO

6. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: __11/24/20__
            DATE

Andrew P. Shannon
_Andrew Shannon_ (signature)
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __23__ day of __November__, 20 __20__.
         (Day)              (month)            (year)

Andrew. P. Shannon
_Andrew Shannon_ (signature)
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

Note to the Clerk,

When you [illegible] assign a case number to this case, please send me that [illegible] number so that I can begin sending a "Request to Waive Service of Summons" to each defendant. Thank you in advance for your attention to this matter.

-With due diligence,
Andrew Shannon
Andrew Shannon, P00216563
1410 Richmond Pkwy
Richmond, TX 77469

