IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW PRESTON SHANNON, (Inmate #00216563) | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-4245 |
| TROY NEHLS, *et al.*, | § § § | |
| *Defendants*. | § § § | |

## ORDER ON PENDING MOTIONS

While a pretrial detainee at the Fort Bend County Jail, Andrew Preston Shannon, proceeding *pro se*, filed a complaint alleging that he was denied adequate medical care in violation of his civil rights. (Dkt. 1). The Court granted Shannon leave to proceed *in forma pauperis*. (Dkt. 6). The defendants answered the complaint on September 6, 2022. (Dkt. 34). Shannon's initial disclosures under Federal Rule of Civil Procedure 26(a) and his reply to the defendants' answer were due by October 6, 2022. (Dkt. 29). The Court initially granted Shannon an extension of time to file his initial disclosures and his reply until December 1, 2022. (Dkt. 44). The Court later granted Shannon a second extension of time, making his initial disclosures and reply due on or before December 31, 2022. (Dkt. 48). Shannon has now filed a third motion for extension of time, seeking a four-month extension to

file his initial disclosures and his reply. (Dkt. 50). He has also filed a motion for appointment of counsel. (Dkt. 49).

### A. Motion for Appointment of Counsel

Shannon seeks the appointment of counsel because he alleges that he has wrist injuries that preclude him from writing or typing and that therefore interfere with his ability to pursue this case. (Dkt. 49).

There is no constitutional right to the appointment of counsel in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). When a litigant has been granted leave to proceed *in forma pauperis*, a district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But a court is not required to appoint counsel unless the case presents exceptional circumstances. *See Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015). To determine whether exceptional circumstances exist, the court considers (1) the complexity of the case; (2) whether the litigant can adequately present his case; (3) whether the litigant can adequately investigate his case; (4) whether skill in the presentation of evidence and in cross examination will be necessary; and (5) whether appointing counsel will aid in the efficient and equitable disposition of the case. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Review of the record in this case shows that the legal issues in Shannon's case are not complex. Despite Shannon's medical restrictions, all of his filings are neatly typed, contain citations to relevant legal authority, and demonstrate that he is aware of the relevant facts and understands the relevant legal issues. Shannon alleges that he cannot adequately present his case due to his injuries, but he has capably filed multiple motions with the Court since his injury occurred. His injuries do not constitute an exceptional circumstance requiring the appointment of counsel. Shannon's motion for appointment of counsel, (Dkt. 49), is **denied** at this time.

### B.    Motion for Extension of Time

Shannon has also filed a third motion for extension of time in which to file his initial disclosures and his reply to the defendants' answer. (Dkt. 50). When granting Shannon's earlier motion for extension of time, the Court warned him that no further extensions would be granted. (Dkt. 48). Despite this, Shannon now seeks a four-month extension of time.

The Court is mindful that Shannon has suffered a work-related injury to his wrists that limits his ability to write and type. Shannon asserts that this injury prevents him from filing his initial disclosures and his reply to the defendants' answer. However, this injury has not prevented Shannon from filing multiple motions in this Court over the past four months.

Having considered this conflicting information, the Court **grants** Shannon a limited extension of time in which to serve the defendants with the initial disclosures required by Federal Rule of Civil Procedure 26(a). Shannon is **warned** that his failure to comply with his disclosure obligations and this Order may result in sanctions. To the extent that Shannon seeks an extension of time to file a reply to the defendants' answer, the motion is **denied**.

Based on the discussion above, the Court **ORDERS** as follows:

1. Shannon's motion for appointment of counsel, (Dkt. 49), is **DENIED without prejudice** to being reconsidered as the case continues.

2. Shannon's third motion for extension of time, (Dkt. 50), is **GRANTED** to the extent that Shannon's initial disclosures are now due to the defendants on or before **Friday, February 24, 2023**. The motion is otherwise **DENIED**.

3. The deadline for the defendants to file any dispositive motions is extended until Friday, March 17, 2023.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____Jan 26_____, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE